UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: _____

OMAR LEWIS,                              )
                                         )
         Plaintiff,                      )
                                         )
v.                                       )
                                         )
LA FRANCE CORP. d/b/a Pac Tec,           )
                                         )
         Defendant.                      )
_____)

## COMPLAINT

Plaintiff, OMAR LEWIS ("Plaintiff"), sues the Defendant, LA FRANCE CORP. d/b/a Pac Tec ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and Fla. Stat. § 440.205.[1]

## PARTIES

2. At all times material, Plaintiff was a resident of Sarasota County, Florida.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

5. At all times material, Defendant was a company doing business in Sarasota, Florida.

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC.

1

6. Defendant, a company headquartered in Concordville, PA, is part of a multinational company that employs over 1,500 employees worldwide. Defendant is in the business of manufacturing plastic products and its business activity affected and affects interstate commerce.

## JURISDICTION AND VENUE

7. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*. and Fla. Stat. § 440.205.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has its principal place of business within the district at 4820 Middle Ave, Sarasota, FL 34234. In addition, the employment records of Plaintiff are stored or have been administered within this judicial district.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Plaintiff worked for the Defendant as a technician from on or about June 11, 2014 until his wrongful termination on or about March 30, 2020.

12. Defendant considered Plaintiff a good employee.

13. From his date of hire until his unlawful termination, Plaintiff received satisfactory feedback from Defendant about his work performance.

14. In 2020, Plaintiff suffered two work-related injuries involving hernias to his groin area. Plaintiff had two surgeries, one for each incident.

15. Plaintiff immediately reported the work-related injuries to Defendant and requested medical treatment.

16. In response, Defendant offered Plaintiff medical treatment regarding Plaintiff's first work-related injury.

17. However, when Plaintiff requested medical treatment regarding his second work-related injury, Defendant refused to offer worker's compensation benefits. Instead, Defendant forced Plaintiff to take FMLA leave.

18. Defendant approved Plaintiff's FMLA until April 8, 2020.

19. However, during Plaintiff's approved FMLA leave, Defendant contacted Plaintiff and terminated his employment.

20. The pretext Defendant used to terminate Plaintiff was that "Plaintiff's doctors had not filled out FMLA paperwork".

21. Prior to Plaintiff's discharge, Defendant did not attempt to have a conversation with Plaintiff or his doctors about this alleged missing paperwork.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT(TERMINATION)

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. In 2020, up until the time of his termination, Plaintiff was eligible for FMLA leave.

24. At all times material, Plaintiff gave proper notice to Defendant by informing it of his serious medical condition, which required surgeries.

25. Plaintiff provided enough information for Defendant to know that his potential leave may be covered by the FMLA.

26. Despite its knowledge of Plaintiff's medical condition, Defendant granted FMLA leave to Plaintiff, but only to terminate it before its expiration.

27. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

28. As a result, Plaintiff has been damaged.

   **WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b. Reinstatement or compensatory mental damages;

   c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   d. Award Plaintiff liquidated damages;

   e. Award Plaintiff prejudgment interest on his damages award;

   f. Award Plaintiff reasonable costs and attorney's fees;

   g. Award Plaintiff any further relief pursuant to the FMLA; and

   h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: VIOLATION OF THE FMLA – RETALIATION

29. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

30. Defendant terminated Plaintiff following his notification about a serious medical condition, which required two surgeries, which constitutes a request for taking FMLA leave.

31. In the midst of taking FMLA leave, Defendant terminated Plaintiff.

32. Defendant terminated Plaintiff because he requested FMLA leave as described above.

33. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

34. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

35. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: WORKER'S COMPENSATION RETALIATION (FLA. STAT. § 440.205)

36. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

37. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

38. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

39. In early 2020, Plaintiff suffered two work-related injuries, which required immediate medical treatment.

40. In both instances, Plaintiff requested benefits under the worker's compensation laws. Specifically, Plaintiff requested medical treatment.

41. Defendant denied Plaintiff's second request.

42. Later, in March of 2020, Defendant terminated Plaintiff's employment.

43. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

44. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

45. Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

46. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

47. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages according to proof.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as

liquidated damages; front wages; punitive damages; compensatory mental damages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: January 18, 2021.

>By: /s/ Tanesha W. Blye
>Tanesha W. Blye, Esquire
>Fla. Bar No.: 738158
>Email: tblye@saenzanderson.com
>Aron Smukler, Esquire
>Fla. Bar No.: 297779
>Email: asmukler@saenzanderson.com
>R. Martin Saenz, Esquire
>Fla. Bar No.: 0640166
>Email: msaenz@saenzanderson.com
>
>SAENZ & ANDERSON, PLLC
>20900 N.E. 30th Avenue, Ste. 800
>Aventura, Florida 33180
>Telephone: (305) 503-5131
>Facsimile: (888) 270-5549
>*Attorneys for Plaintiff*